**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TONY BARTEE,

      Plaintiff-Appellant,

v.

MICHELIN NORTH AMERICA,
INC., a New York corporation,

      Defendant-Appellee.

Nos. 04-6015 & 05-6012
(D.C. No. 01-CV-438-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases

are therefore ordered submitted without oral argument.

In these consolidated appeals, plaintiff Tony Bartee appeals from two

orders and judgments of the district court. Appeal No. 05-6012 concerns the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court's order for equitable damages on remand from this court's opinion in *Bartee v. Michelin N. Am., Inc.*, 374 F.3d 906 (10th Cir. 2004).  Appeal No. 04-6015 concerns the amount of attorney fees awarded to Bartee as the prevailing party on one of his claims under the American's with Disabilities Act (ADA), pursuant to 42 U.S.C. § 12205.[1]  For the reasons below, we find no error and affirm.

BACKGROUND

The facts concerning Bartee's ADA lawsuit against Michelin North America, Inc. (Michelin) are set forth in detail in *Bartee*.  Briefly repeated, Bartee worked as a foreman at a Michelin factory in Oklahoma.  In 1995, he was diagnosed with avascular necrosis in both of his hips that required two surgeries.  In addition, a previous car accident left him with post-traumatic arthritis in his right ankle.

As a result of increasing pain, Bartee took short-term disability leave on June 4, 1998, which he converted to long-term disability leave on December 3, 1998.  Michelin's employment policy required termination of any employee who failed to return to work within twelve months of taking disability leave.

On May 9, 1999, after being on disability leave for almost eleven months, Bartee contacted Michelin and requested that it accommodate his condition or

---

[1]     We grant Michelin's motion for extension of time to file its reply brief in Appeal No. 04-6015.

reassign him to a new position. In response, Michelin offered him a job in the planning division. According to Bartee, Michelin denied his request to use a four-wheeled golf cart, and told him only that a smaller, three-wheeled cart should be available. On the advice of his doctor, Bartee contacted Michelin and refused the job, without any explanation. A few weeks later when Bartee did not return from disability leave, he was terminated in accordance with Michelin's employment policy.

The jury returned a verdict in favor of Bartee on his failure to accommodate claim, but in favor of Michelin on his wrongful termination claim. The district court granted Bartee's post-trial motion for economic damages and awarded him $3,241.50 in back pay (approximately one-month's pay), which limited his damages to the time between his request for reasonable accommodation and the lawful termination of his employment.

On appeal, we reversed and remanded the district court's order "for specific findings of fact . . . and, if necessary, recalculation of equitable damages," because the order was "insufficient to enable us to evaluate whether the [court] abused its discretion by basing its equitable remedy on findings of fact that conflict with those implied by *both* jury verdicts." *Id*. at 913 (footnote omitted).

While *Bartee* was on appeal in this court, the district court proceeded to resolve Bartee's request for attorney fees. At trial, Bartee asked the jury to award

him at least $400,000 in compensatory damages for emotional pain and suffering, inconvenience, and mental anguish. The jury awarded no compensatory damages. He also requested more than $1.4 million in economic damages, but the district court awarded him only $3,241.50.

Following a hearing on Bartee's request for attorney fees, a magistrate judge determined that the lodestar amount for attorney fees was $185,230.25, and then reduced that amount by two-thirds for a total award of $61,743.42. Bartee's objection to the magistrate's recommendation and report was overruled by the district court in an award that adopted the magistrate's findings.

Later, on remand from this court, the district court entered a new order concerning economic damages, in which it again awarded Bartee $3,241.50.

EQUITABLE RELIEF

We review a district court's determination of front and back pay for abuse of discretion. *Id*. at 911. "Under the law of this circuit, judicial action which is arbitrary, capricious, or whimsical . . . [or a] ruling based on an erroneous view of the law or on a clearly erroneous assessment of the evidence . . . constitute[s] an abuse of discretion." *Amoco Oil Co., v. U.S. EPA*, 231 F.3d 694, 697 (10th Cir. 2000) (citations and quotations omitted).

Bartee argues that our opinion in *Bartee* held that the previous damage award was error and that he is entitled to additional back and front-pay damages

-4-

in excess of $1.4 million. His theory is that, but for Michelin's failure to provide reasonable accommodation, he would have returned to work and worked until he retired at age sixty-five.

We disagree with both arguments. First, *Bartee* did not hold that the initial damage award was error; instead, we remanded the case for specific findings of fact that harmonized both jury verdicts and for recalculation of damages, *if necessary*. *Bartee,* 374 F.3d at 913.

Second, as the district court found on remand, although the jury found that Michelin failed to provide reasonable accommodation to Bartee, when he turned down the job that Michelin did offer him he did not tell the company why or that he had any future desire to work for the company.[2] As such, there is no evidence that Michelin's failure to accommodate Bartee caused him to remain on disability leave and prevented his return to work.

Bartee acknowledges that the ADA requires a causal link between the violation and the requested damages. However, he overlooks the fact that there is no such link here, and that awarding him front pay until age sixty-five would

---

[2] The district court specifically found that "[i]t would be pure speculation for the Court to attempt to state why [Bartee] declined the Shift Planning Coordinator job as it could have been for any number of reasons. But, since [Bartee] did not tell [Michelin] why he was declining the job and did not testify at trial why he declined the job, the Court will not presume to state why he declined the job." Aplt. App. at 29 n.8

require the district court to ignore the jury's verdict that his termination was lawful.

More to the point, the district court's order on remand contains specific findings of fact that harmonize both jury verdicts and does not constitute an abuse of discretion.

ATTORNEY FEES

Other than the underlying legal analysis, which we review de novo, a district court's fee award is reviewed for abuse of discretion. *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1228 (10th Cir. 2001).

Neither party contests the lodestar amount, and Michelin agrees that an award of some attorney fees to Bartee as the prevailing party is proper. Instead, Bartee argues that the district court misapplied the three-part test set forth by Justice O'Connor in her concurring opinion in *Farrar v. Hobby*, 506 U.S. 103 (1992), and that we applied in *Barber*, 254 F.3d at 1229-33. We disagree. The district court's order cites *Farrar* and *Barber* and appropriately applies each of the three factors in support of its decision.

The orders and judgments of the district court are AFFIRMED.

Entered for the Court

Wade Brorby

-6-

Circuit Judge